FILED
Mar 03 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ YC DEPUTY

Karen L. Willis, J.D.
3555 Rosecrans Street, #114-215
San Diego, CA 92110
Telephone: (619) 206-5311
Email: boringlegalwork@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

HARLEM WEST MUSIC GROUP

Plaintiff,

vs.

NEIL TENNANT; CHRIS LOWE; WARNER MUSIC GROUP.

Defendants.

Case No. '25CV0491 TWR BLM

**COMPLAINT FOR:**

(1) Copyright Infringement

(2) Vicarious Copyright Infringement

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

This case involves the well-known song titled "GO WEST," with lyrics by Victor Willis, the original lead singer of Village People. One of the owners of the song in the U.S., is Harlem West Music Group. The case at hand involves copyright infringement of the song by Neil Tennant, and Chris Lowe (Defendants") of the famous musical group known as the Pet Shop Boys with use of the song without permission in their motion picture titled "**Pet Shop Boys Dreamworld: The Greatest Hits Live"** which was widely released in theatres the U.S., and worldwide for screenings on January 31 through February 4, 2024.

The release included the screenings of 2 showings at approximately 1,500 theatres for two days (nights). The song was used in the motion picture for approximately 4 minutes and 49 seconds.

Moreover, the Pet Shop Boys used "Go West" for the second time without permission or approval in the release on "**Pet Shop Boys Dreamworld: The Greatest Hits Live"** in its release to PBS television.

Finally, the Pet Shop Boys planned to release "Go West" in May 2025 on Blu-ray as part of its third unauthorized use and release.

## PARTIES

1. Plaintiff Harlem West Music Group is a dba of Karen L. Willis (Plaintiff") doing business in San Diego, California as Harlem West Music Group owns of over 200 music copyrights.

2. Defendants Neil Tennant and Chris Lowe are British citizens who does business in San Diego including but not limited to recent concert appearances.

3. Defendants Warner Music Group is an American and international conglomerate based in, including but not limited to, in Los Angeles and New York.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. 22.

5. The Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, 1338(a), and 15 U.S.C. § 1114 (1).

6. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 13919 (b) because Plaintiff reside and operate her business within the Southern District of California.

## BACKGROUND

7. This is a rather peculiar case involving the Pet Shop Boys and Village People lead singer Victor Willis who wrote the lyrics to the group's well-known hit "Go West," which has become somewhat of an anthem for the Pet Shop Boys.

8. "Go West," originally released in September 1993 by the Pet Shop Boys was a #1 Billboard Dance Club hit and went #1 (worldwide) in several countries with numerous Gold, Platinum and Silver awards being given to the song.

9. Though Victor Willis ("Victor") has never been too happy with Neal Tennant's changes and additions to his lyrics, nor was he pleased with the group's Soviet style music video of "Go West," however for quite some time, he had enjoyed a good relationship with Neil and Chis including them inviting Victor backstage to their San Diego concert for photo's etc.

10.However, this all changed after, on or about January 2024, Victor got wind of a video wherein he perceived that Neil spoke ill of Victor's original Village People version of his song and sought to talk to Neil about what he had

said. So, Victor asked Plaintiff to contact Neil and arrange a call to discuss what Neil had said about "Go West," in hopes of possibly smoothing things over.

11.Therefore, Plaintiff contacted the Pet Shop Boys manager and informed her that Victor Willis wanted to talk to Neil about something he had said about "Go West." At first it seemed as if Neil would call Victor. However, as the days turned to more than a week, the manager informed Plaintiff that Neil would not be talking to Victor about the situation Afterall.

12.Outraged by Neil's refusal to call him, Victor informed Plaintiff not to approve any further uses of the Pet Shop Boys version of "Go West."

13.On or about January 2024, Plaintiff informed the Pet Shop Boys manager that since Neil refused to talk to Victor, no further approvals for use "Go West" by the Pet Shop Boys would be given. And that Victor does not want the Pet Shop Boys using "Go West" anymore.

14.Therefore, the Pet Shop Boys had better not use "Go West" in manner that requires synchronization without our approval.

## FACTUAL ALLEGATIONS

15. On or about January 2024, received her first new request for use of "Go West" Reach Music (Plaintiff's synch agent) by the Pet Shop Boys from Warner Music.

16.Reach informed Plaintiff that the Pet Shop Boys planned to release a motion picture with use of "Go West" titled "**Pet Shop Boys Dreamworld: The Greatest Hits Live.**"

17.The request for use of "Go West" in the Dreamworld motion picture was DENIED by Plaintiff.

18.Reach Music received several additional requests from Warner Music

seeking to clear the use of "Go West" in the Dreamworld motion picture and each request was likewise DENIED by Plaintiff.

19.Moreover, the Pet Shop Boys used "Go West" for the second time without permission or approval in the release on "**Pet Shop Boys Dreamworld: The Greatest Hits Live"** in its release to PBS television. This request was also DENIED by Plaintiff.

20.Finally, the Pet Shop Boys plan to release "Go West" as part of a third unauthored release in May 2025 on Blu-ray. This request was also DENIED by Plaintiff.

21.Accordingly, Defendants willfully used "Go West" in the Dreamworld motion picture when they were informed beforehand that a synch request would not be approved, and they are continuing to use "Go West" in the Dreamworld motion picture, as well as on PBS television, and the upcoming release to Blu-ray, all without permission.

22.Such unauthored use was, and continues to be, willful, necessitating the maximum damages against Defendant's and each of them.

FIRST CLAIM FOR RELEIF

**Copyright Infringement**

23. Plaintiff' reincorporates by reference paragraphs 1-23 as if set forth herein.

24. Plaintiff is an exclusive copyright owner of the work identified in paragraphs 1-23. The work has been reproduced, distributed, displayed, and publicly performed in a motion picture titled, "**Pet Shop Boys Dreamworld: The**

**Greatest Hits Live," "Pet Shop Boys Dreamworld: The Greatest Hits Live," On PBS**, and "**Pet Shop Boys Dreamworld: The Greatest Hits Live," a planned release to Blu-ray**.

25. By engaging in acts causing the infringing work to be reproduced, distributed, displayed, and publicly performed in a motion picture, on PBS television, and Blu-ray, Defendants are violating Plaintiff's exclusive rights in violation of 17 U.S.C. § 106, including sections 106(1), 106(3), 106(5), 106(6), and 17 U.S.C. § 501.

26. Defendant's infringements have been willful, intentional, purposeful, and in disregard of and indifferent to the Plaintiff's rights.

27. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at the election of Plaintiff and pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to Defendants' profits from the acts of infringement, to be proven at trial.

28. Plaintiff is entitled to her costs, including reasonable attorneys' fees (if incurred), pursuant to 17 U.S.C. § 505.

29. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction requiring Defendant to employ reasonable methods to prevent or limit infringement of Plaintiff copyrights.

SECOND CLAIM FOR RELEIF
**Vicarious Copyright Infringement**

30.Plaintiffs reincorporate by reference paragraphs 1-23 as if set forth herein.

31. Warner Music identified in this complaint, and in general, have infringed and are infringing Plaintiff's rights in her registered copyrighted musical and/or audiovisual work by, *inter alia*, releasing the song to movie theatres worldwide, releasing the song to PBS television and releasing the song on Blu-ray and publicly performing, displaying, distributing, and reproducing, or purporting to authorize the public performance, display, distribution, or reproduction of such copyrighted work including videos, all without authorization.

32.Defendant Warner Music is vicariously liable for the infringing acts of Neil Tennant and Chris Lowe

33.Defendant Warner Music has both the right and the ability to supervise Tennant and Lowe's infringing conduct and to prevent them from infringing Plaintiff's copyrighted works but failed to do so. Warner Music significantly and directly benefits from infringement by Tennant and Lowe.

34. Defendant's infringement is willful, intentional, purposeful, and in disregard of an indifferent to Plaintiff's rights.

35. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at the election of Plaintiff pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to Defendant's profits from the acts of infringement, to be proven at trial.

36. Plaintiff is entitled to costs, including reasonable attorneys' fees (if incurred) pursuant to 17 U.S.C. § 505.

37. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray for the following relief:

a. An award to Plaintiff for damages, including but not limited to infringement damages, compensatory, statutory, and punitive damages, as permitted by law in an amount to be proven at trial but no less than $30,000,000;
b. An award of punitive damages in an amount to be determined;
c. An award of reasonable attorneys' fees (if incurred);
d. For any such other relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

**DATED:** March 10, 2025

Respectfully submitted,

KAREN L. WILLIS